DOUGLAS BROUSSARD
v.
JACOB CHANDLER AND GREAT SOUTHERN COINS, L.L.C.
No. 2006 CA 1958.
Court of Appeals of Louisiana, First Circuit.
September 5, 2007.
THOMAS H. HUVAL, STEPHEN C. AERTKER, Jr., DAVID A. SCHILLER, Attorneys for Plaintiff-Appellee, DOUGLAS BROUSSARD.
CALVIN BRASSEAUX, LELAND GALLASPY, Attorneys for Liquidator-Appellee, Lee Spence.
PHILLIP W. PREIS, CHARLES M. GORDON, Jr., CRYSTAL D. BURKHALTER, Attorneys for Defendant-Appellant, JACOB CHANDLER.
Before: KUHN, GAIDRY, and WELCH, JJ.
WELCH, J.
Jacob Chandler appeals a trial court judgment approving a plan for the liquidation of Great Southern Coins, L.L.C. (Great Southern). We reverse and remand the matter to the trial court for further proceedings.

FACTUAL AND PROCEDURAL HISTORY
On July 2, 2004, Chandler and Douglas Broussard formed Great Southern, a Louisiana limited liability company engaged in the selling and trading of coins over the Internet. Chandler and Broussard are the sole members of Great Southern, and each owns a 50% interest in the company.
Over time, the working relationship between Chandler and Broussard deteriorated. Accordingly, on August 19, 2005, Broussard filed suit against Chandler and Great Southern, alleging that Chandler had engaged in certain misconduct in his operation of the business, including fraud, breach of fiduciary duty, and self-dealing. Broussard sought damages, an accounting, a temporary restraining order (TRO), and other injunctive relief. The trial court granted the TRO, enjoining Chandler and Great Southern from selling any inventory, removing any money, accessing any cash, or writing any checks on any account in the name of Great Southern.[1]
By consent judgment signed October 5, 2005, the trial court ordered the judicial dissolution of Great Southern in accordance with La. R.S. 12:1334 et seq. The judgment appointed joint liquidators, who were required to oversee the process of dissolution and send notice of the dissolution of Great Southern to the company's creditors. The judgment also provided for the immediate payment of certain debts and terminated the TRO. Shortly thereafter, the joint liquidators asked to be released from their obligations. Accordingly, by judgment signed November 3, 2005, the trial court released the joint liquidators and appointed Lee Spence as the new liquidator.
The parties attempted to settle the matter for several months but were unable to reach an agreement. The liquidator initially considered selling Great Southern's assets at public auction to satisfy the claims of the creditors. However, after investigation, the liquidator determined that such a process would be too expensive and would dilute the funds available to satisfy the creditors' claims. Therefore, the liquidator requested proposals for carrying out the dissolution of the company from Broussard and Chandler.
The plan submitted by Broussard (Broussard Plan) provided for the creation of St. Tammany Coins, L.L.C. (STC), a new limited liability company owned solely by Broussard. According to the plan, STC agreed to assume all of Great Southern's liabilities and to indemnify Great Southern, the liquidator, and the liquidator's counsel from any claims related to the payment of creditors.[2] In addition, Broussard agreed to waive his disputed claim against Great Southern.[3] STC further agreed to pay all reasonable professional fees and to contribute $25,000.00 in cash to pay the professional fees owed to the liquidator and his counsel. In exchange, Great Southern was required to provide a list of known creditors and transfer all of its assets to STC. The plan also required STC to send notice to Great Southern's creditors and to institute a process to pay the creditors in accordance with La. R.S. 12:1338, with the trial court retaining jurisdiction over any disputes concerning the claims of the creditors. STC was required to liquidate the assets it received in the transfer in a commercially reasonable manner for the highest value possible. After payment of creditors and professional fees, any assets remaining were to be the sole property of STC.
Chandler also submitted a plan in which he agreed to assume Great Southern's liability for certain debts, but specifically declined to assume any responsibility for Broussard's claim. Furthermore, Chandler did not offer to provide any additional cash to assist in the payments of Great Southern's expenses. Although the liquidator acknowledged that neither proposal fully complied with the criteria he had established, he believed that the Broussard Plan was the better of the two proposals. Accordingly, the liquidator filed a motion with the trial court seeking approval of the Broussard Plan. After a hearing, at which the attorneys for the parties and the liquidator were provided an opportunity to present oral argument, the trial court granted the motion and approved the Broussard Plan. Chandler has appealed.[4]

DISCUSSION
A limited liability company may be dissolved upon the consent of its members or upon a decree of judicial dissolution. La. R.S. 12:1334. Upon dissolution, the members or a liquidator shall wind up the company's affairs and distribute its assets. La. R.S. 12:1336 and 1337. Despite the fact that the trial court ordered the judicial dissolution of Great Southern in accordance with these statutes, the Broussard Plan adopted to perform that task does not comply with the requirements of La. R.S. 12:1337, which provides, in pertinent part:
A. Upon the winding up of a limited liability company, any assets remaining after paying or adequately providing for the payment of all debts and liabilities of the limited liability company, including all costs and expenses of the liquidation and any and all contingent liabilities of which the members or liquidator has knowledge, shall be distributed as follows:
(1) Except as provided in the articles of organization or a written operating agreement, to members and former members in satisfaction of liabilities for distributions under R.S. 12:1324 or 1325.
(2) Except as provided in the articles of organization or a written operating agreement, to members and former members, first, for the return of their capital contributions, and secondly, respecting their membership interests, in the proportions in which the members share in distributions.
The above statutory language is mandatory. Therefore, pursuant to the statute, if assets are remaining after paying or adequately providing for the payment of the debts of the company, those assets shall be distributed among the members and former members in the manner described above, absent contrary provisions in a written operating agreement or the articles of organization. Despite this mandatory language, the Broussard Plan approved by the trial court does not distribute the assets to the members; rather, the plan improperly provides that any remaining assets are to be the sole property of St. Tammany Coins, L.L.C. Because the Broussard Plan fails to distribute the assets in accordance with the mandates of La. R.S. 12:1337, we find that the trial court abused its discretion in approving the plan. Accordingly, we reverse the judgment of the trial court and remand the matter for further proceedings consistent with this opinion. All costs of this appeal are assessed to Douglas Broussard.
REVERSED AND REMANDED.
NOTES
[1] The specific wording of the TRO provided that Chandler and Great Southern were enjoined and restrained from:

selling an[y] inventory currently held by [Great Southern] not already posted for sale on Ebay as of August 19, 2005, removing any money from any account maintained in the name of [Great Southern], writing checks, using [a] debit card or otherwise accessing any of the cash held in any account maintained by [Great Southern], removing any amounts from the PayPal Account maintained by [Great Southern] or Jacob Chandler and are hereby commanded to immediately deposit into [Great Southern's] account at Hibernia ... all cash, checks, money orders, or other forms of money received from the date forward, or in their possession as of this date, related to [Great Southern].
[2] Great Southern's liabilities allegedly totaled $163,905.00.
[3] Broussard's claim against Great Southern was for an alleged principal amount of $118,000.00.
[4] Chandler initially applied to this court for supervisory writs; however, another panel of this court determined that the trial court's judgment was a final, appealable judgment, and the matter was remanded to the trial court with instructions to grant Chandler an appeal. Broussard v. Chandler, XXXX-XXXX (La. App. 1st Cir. 7/10/06) (unpublished).